IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,**     ) | |
|     ) | |
|     **Plaintiff,**     ) | |
|     ) | |
| **v.**     ) | |
|     ) | No. 08-2599-CM |
| **NORFOLK SOUTHERN RAILROAD,**     ) | |
|     ) | |
|     **Defendant.**     ) | |
|     ) | |

## ORDER

Plaintiff Michael E. McKinzy, Sr., filed this *pro se* employment discrimination case against defendant Norfolk Southern Railroad on December 2, 2008. (Doc. 1). Just one month after defendant was served with the summons in this case, plaintiff filed a motion for summary judgment. (Doc. 6). After a late January, 2009 status conference, Magistrate Judge James P. O'Hara granted defendant an extension of time to respond to plaintiff's summary judgment motion, and issued an order staying all discovery until this court had ruled on the summary judgment motion. His order specifically excepted, however, any specific limited discovery requests that the defendant might seek and the court might order under Federal Rule of Civil Procedure 56(f). (Doc. 18). Pursuant to this order, defendant filed a motion for leave to take plaintiff's deposition. (Doc. 25). Judge O'Hara granted the motion over plaintiff's objection. (Doc. 30). Plaintiff filed a motion for reconsideration, which Judge O'Hara denied on February 20, 2008 (Doc. 33). A second motion for reconsideration (Doc. 34) was summarily denied on February 23, 2008 (Doc. 36). Plaintiff now asks this court to review Judge O'Hara's order granting defendant leave to take plaintiff's deposition. (Doc. 38). Indeed, in the week since Judge O'Hara entered the order on reconsideration, plaintiff has filed three more motions which, in substance, appear to ask this court for identical relief. (Docs. 39, 40, 41).

Motions to reconsider shall be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. Finding the first two grounds inapplicable here, the court turns to the third.  Plaintiff maintains his opposition to any additional discovery prior to this court's rulings on the dispositive motions.  He cites the three circumstances in which discovery may be stayed, but fails to argue how those apply here to prevent the magistrate judge's order granting defendants the limited discovery sought.

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp.*, 847 F.2d at 1464 (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kansas*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).

The order granting defendant leave to depose plaintiff, (Doc. 30), clearly indicates that defendant sought leave to take a preliminary deposition, lasting no more than three hours, for the purpose of inquiring into the factual basis for plaintiff's claims prior to responding to plaintiff's summary judgment motion.  The previously imposed discovery stay, (Doc. 18), specifically permits such a request, and the court finds that there is no clear error either in Judge O'Hara's order staying discovery (Doc. 18), his order granting limited discovery for the purpose of enabling defendant to

rebut the summary judgment motion, (Doc. 30), or his ruling on reconsideration (Doc. 33).

The court is aware that plaintiff has filed eight cases in this district within the last eight months. The filing of four substantially identical motions in this case over the course of two days causes this court concern. This court has the inherent power to regulate federal dockets; promote judicial efficiency; and deter frivolous, vexatious, and abusive filings. *Stafford v. United States*, 208 F.3d 1177, 1179 (10th Cir. 2000). Plaintiff is cautioned to take care that his filings do not fall into this latter category, or this court will consider imposing filing restrictions. *See Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration by District Judge Of Plaintiff's Suggestions in Opposition to Defendant's Motion for Leave to Take Plaintiff's Deposition (Doc. 38) is denied.

**IT IS FURTHER ORDERED** that plaintiff's cumulative motions for reconsideration (Docs. 39, 40, 41) are denied as moot.

**IT IS FURTHER ORDERED** that plaintiff make himself available for deposition at a time convenient to the parties, but in any case to take place on or before March 3, 2009, in order to facilitate the March 6, 2009, response deadline set out by the court.

Dated this 27th day of February 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**