**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 08-2599-CM** |
| **NORFOLK SOUTHERN RAILROAD,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff Michael McKinzy filed this *pro se* civil rights action against defendant Norfolk

Southern Railroad on December 2, 2008.[1]  Plaintiff filed a motion for summary judgment.  A second

amended complaint was filed on February 4, 2009, and defendant filed an amended answer.

Defendant has now filed its own motion for summary judgment.  This court issued an order directing

plaintiff to show cause why defendant's motion for summary judgment should not be granted

pursuant to Local Rule 7.4, and to respond to defendant's motion.  Plaintiff has failed to do either,

and the court thus considers defendant's motion without the benefit of a response brief.  For the

reasons that follow, the court denies plaintiff's motion, and grants defendant's motion.

**I.      Factual and Procedural Background**

Plaintiff is an African-American electrician.  Plaintiff filed a second amended complaint

alleging that defendant's rejection of his applications for employment from December 2006 through

2008 was a result of race discrimination and retaliation for a complaint plaintiff had filed against

defendant.

---

[1]  The court notes that the correct name of defendant is "Norfolk Southern Railway
Company."

As set out in the parties' summary judgment motions, the following facts are uncontested. In December 2006, plaintiff submitted an online application for a journeyman electrician position with defendant. The parties agree that plaintiff possessed the minimum qualifications for the position. He did not receive a job offer. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant failed to offer him employment due to his race. During the calendar years of 2006, 2007, and 2008, plaintiff submitted a number of online applications for electrician positions posted on defendant's website but did not receive a job offer. Plaintiff's summary judgment motion sets out the date and vacancy numbers for seventy-three positions for which he applied during the two-year period between December 2006 through December 2008. Plaintiff filed additional charges of discrimination with the EEOC in November 2007 and April 2008.

According to plaintiff, the facts above establish that plaintiff's race, as well as the discrimination complaints he filed against defendant, were determining factors in his being refused employment. His motion for summary judgment contains only his statements of uncontroverted fact, including his conclusions regarding the merits of his claim.[2] On this basis, he seeks summary judgment on his claims of race discrimination and retaliation in violation of § 1981 and Title VII.

## II.    Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences

---

[2] In support, plaintiff offers his own affidavit, his resume, a copy of an online application for a position with defendant, and a collection of rejection emails from defendant.

therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

## III. Discussion

### A. Race Discrimination

As in this case, where direct evidence of discrimination is absent, race discrimination claims are to be analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Sanders v. Sw. Bell Tel., L.P.*, 544 F.3d 1101, 1105 (10th Cir. 2008). Under the burden-shifting of *McDonnell Douglas*, the plaintiff must initially establish a prima facie case of discrimination. 411 U.S. at 802. Then, defendant must offer a legitimate, nondiscriminatory reason for its employment decisions. 411 U.S. at 802–03; *Randle v. City of Aurora*, 69 F.3d 441, 451 (10th Cir. 1995). If the defendant does so, then the burden reverts to the plaintiff "to show that there is a genuine dispute of material fact as to whether the employer's proffered reason for the challenged action is pretextual *i.e.*, unworthy of belief." *Marx v. Schnuck Mkts., Inc.*, 76 F.3d 324, 327 (10th Cir. 1996).

A prima facie case is a flexible standard, adjusted to fit "the context of the claim and the nature of the adverse employment action alleged." *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005). The elements remain the same whether that case is brought under §§ 1981 or 1983 or Title

VII.  *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (quotations omitted).  To make out a prima facie case of race discrimination in failure to hire, plaintiff must demonstrate (1) he was a member of a protected class; (2) plaintiff was qualified for the position; (3) he suffered an adverse employment action (*e.g.*, he was rejected); and (4) the plaintiff was treated less favorably than others (*e.g.*, the position at issue remained open after the adverse employment action).  *See Watson v. Fort Worth Bank & Trust*, 487 U.S. 977 (1988); *Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1134 (10th Cir. 2004).

Even if plaintiff were able to establish a prima facie case, which is doubtful, plaintiff fails to controvert defendant's proffered explanation for the challenged action.  Although plaintiff's motion highlights seventy-three applications, defendant's uncontested facts reveal that plaintiff actually applied for over two hundred positions with defendant in fourteen different states during this time period.  Plaintiff's online applications were primarily rejected at a pre-screening stage—by screeners who did not have access to race information, or to plaintiff's EEOC charges—because the positions for which he applied were outside plaintiff's stated geographic preference, which was Chicago, Illinois, and his area of residence at the time, which was Country Club Hills, Illinois, just south of Chicago.  Defendant's uncontested motion establishes that defendant screens for candidates who live in the area of the vacancy.  Unless applicants are scarce, defendant declines applications based on geographic location, as well as experience and qualifications.  Defendant also declines applicants if the position is no longer available because it has been filled or if the position has been cancelled or put on hold.  Finally, defendant declines applicants who have been invited to a recruiting session for a particular position and who do not attend.  On five occasions, plaintiff was invited to recruiting sessions for particular positions, including the only position he applied for within his preferred geographic area.  However, plaintiff failed to attend any of these sessions, and was therefore not

considered for the positions.

Plaintiff fails to contest defendant's proffered reasons for failing to hire him. The court finds that defendant is entitled to judgment as a matter of law on plaintiff's discrimination claim.

### B.   Retaliation Claims

Title VII makes it unlawful for an employer to discriminate against an employee for "oppos[ing] any practice made an unlawful employment practice by [Title VII]." 42 U.S.C. § 2000e-3(a). To successfully invoke this anti-retaliatory provision, plaintiff "must establish that retaliation played a part in the employment decision," *Fye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008), by relying "on the familiar three-part *McDonnell Douglas* framework to prove that the employer's proffered reason for its decision is a pretext for retaliation." *Id*. at 1225 (quotation omitted).

To establish a prima facie case of retaliation, plaintiff must show that (1) he engaged in protected opposition to discrimination; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action. *Fye*, 516 F.3d at 1227. In his motion for summary judgment, as in his complaint, plaintiff details nearly eighty unsuccessful applications for employment he made to defendant between December 4, 2006 through November 6, 2008. Plaintiff then alleges that he was denied employment with defendant in retaliation for having filed previous charges of discrimination against it.

Plaintiff has failed to meet his burden to prove a prima facie case of retaliation. His mere assertion that there was a causal connection between defendant's failure to hire him and his prior complaint is insufficient. Even if he could establish a prima facie claim, plaintiff fails to controvert defendant's proffered explanation for the challenged action. Defendant asserts that plaintiff's online applications were primarily rejected at the prescreening stage by screeners who did not have access

to information on plaintiff's race or prior complaints.  Because plaintiff fails to offer any evidence that would suggest retaliation, defendant is entitled to summary judgment on plaintiff's claims.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 6) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment (Doc. 44), is granted.

Dated this 12th day of June 2009, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**