IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL E. McKINZY, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 08-2599-CM |
| **NORFOLK SOUTHERN RAILROAD,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael McKinzy filed this civil rights action *pro se* and *in forma pauperis* against defendant Norfolk Southern Railroad on December 2, 2008.[1] Plaintiff filed a motion for summary judgment. A second amended complaint was filed on February 4, 2009, and defendant filed an amended answer. Defendant then filed its own motion for summary judgment. This court issued an order directing plaintiff to (1) show cause why defendant's motion for summary judgment should not be granted pursuant to Local Rule 7.4, and to (2) respond to defendant's motion. Plaintiff failed to do either. This court evaluated the merits of plaintiff's claims and granted summary judgment in favor of defendant, concluding plaintiff had failed to establish a prima facie claim of discrimination. Plaintiff filed a notice of appeal, and his appeal has been docketed in the Tenth Circuit.[2] Defendant has filed a Motion for Attorney's Fees and Expenses (Doc. 54). For the following reasons, the court grants the motion.

Although generally litigants are responsible for their own attorney's fees, a district court has

---

[1] The court notes that the correct name of defendant is "Norfolk Southern Railway Company."

[2] Appeal No. 09-3164.

the discretion to award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith. 42 U.S.C. § 2000e-5(k); *Christiansburg Garment Co. v. Equal Opportunity Employment Comm'n*, 434 U.S. 412, 421–422 (1978) (also holding that the presence of bad faith will provide an even stronger basis for charging plaintiff with the attorney's fees incurred by defense of the suit).

This court has not lost jurisdiction to enter a fee award merely because the case has been appealed. *See Bell v. Bd. of County Comm'rs of Jefferson County*, 451 F.3d 1097, 1101 (10th Cir. 2006); *City of Chanute, Kan. v. Williams Natural Gas Co.*, 955 F.2d 641, 658 (10th Cir. 1992) *overruled on other grounds by Systemcare, Inc. v. Wang Laboratories Corp.*, 117 F.3d 1137 (10th Cir. 1997) ("The law is well settled [that] the district judge retains jurisdiction over the issue of attorneys' fees even though an appeal on the merits of the case is pending."). While it is true that the plaintiff may be entitled to a refund of any fees awarded to the defendant if the court of appeals were to reverse this court's ruling on the merits, it is at least equally likely that the court of appeals will affirm the summary judgment award. The Tenth Circuit itself may make any additional award of fees that it deems necessary or appropriate relating to costs incurred by the parties in litigating the appeal. *See McKinsey v. Sentry Ins.*, No. 90-2387-L, 1992 WL 279753, at * 1 (D. Kan. Sept. 19, 1992).

The instant lawsuit was unreasonable and without foundation, and the circumstances surrounding the litigation in the district court convince the court that an award of attorney's fees is justified. In the early stages of this litigation, after filing his complaint and motion for summary judgment, plaintiff failed to cooperate with discovery and earned an admonition from this court for

filing numerous motions within a short time frame seeking substantially identical relief. Plaintiff failed to respond to this court's order to show cause regarding defendant's dispositive motion, and failed to file a timely response to the instant motion

Despite failing to cooperate or participate at various stages during the litigation, plaintiff continued in the litigation by filing an appeal after this court determined he had failed to establish a prima facie claim.

Additionally, as defendant points out with detail in its motion, plaintiff appears to have engaged in a pattern of similar and as yet unfounded litigation, *pro se* and *in forma pauperis*, in this and other courts. This court is aware that plaintiff has filed eleven cases in this district within less than a year, not one of which has resulted in relief for plaintiff.[3]

Plaintiff proceeded in the district court *in forma pauperis*, alleging that he had insufficient funds to pay costs and fees in this matter. Despite the apparent futility of entering an order awarding attorney fees as sanctions in this matter, the court grants defendant's motion for reasonable attorney's fees and admonishes plaintiff that the filing of unreasonable, meritless suits on the grounds alleged in this action could be a basis for imposing sanctions in other pending or future

---

[3] *McKinzy, Sr. v. Burlington N. Santa Fe Ry.*, No. 08-cv-02365-CM-JPO (filed 08/06/08); *McKinzy, Sr. v. Union Pac. R.R.*, No. 08-cv-02519-CM-JPO (filed 10/20/08, closed 04/17/09); *McKinzy, Sr. v. Kansas City, Missouri Police Dep't, et al.*, No. 08-cv-02539-CM-JPO (filed 10/28/08, closed 02/26/09); *McKinzy, Sr. v. Missouri Div. of Child Support Enforcement, et al.*, No. 08-cv-02553-CM-JPO (filed 11/04/08, closed 03/05/09); *McKinzy, Sr. v. Dir. of the Missouri Dep't of Revenue, et al.*, No. 08-cv-02562-CM-JPO (filed 11/10/08, closed 03/05/09); *McKinzy, Sr. v. Norfolk S. R.R.*, 2:08-cv-02599-CM-JPO (filed 12/02/08, closed 06/12/09); *McKinzy, Sr. v. Interstate Bakeries Corp.*, No. 08-cv-02649-CM-JPO (filed 12/22/08); *McKinzy, Sr. v. Kansas City Power and Light*, No. 09-cv-02070-CM-JPO (filed 02/12/09); *McKinzy, Sr. v. Interstate Brand Corporation*, No. 09-cv-02081-CM-JPO (filed 02/19/09, closed 04/13/09); *McKinzy, Sr. v. Unified Government of Wyandotte County/Kansas City, KS*, No. 09-cv-02199-EFM-DWB (filed 04/17/09); *McKinzy, Sr. v. Black & Veatch*, No. 09-cv-02271-KHV-GLR (filed 05/21/09); *McKinzy, Sr. v. Internal Revenue Serv.*, No. 09-cv-02318-CM-JPO (filed 06/15/09).

actions.

In determining a reasonable amount to be awarded, the court multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate ("lodestar"). *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Once a determination of a reasonable number of hours multiplied by a reasonable hourly rate is made, other considerations may then lead the district court to adjust the fee upward or downward as appropriate. *Hensley*, 461 U.S. at 434. The court considers the nature and extent of the services supplied, the customary hourly rate of compensation, the number of hours expended, the skill required, the complexity of the case, and the success achieved. *Dutton v. Johnson County Bd. of County Comm'rs,* No. 93-2184-JWL, 1995 WL 337588 (D. Kan. May 26, 1995) (citing *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1359 (4th Cir. 1995)).

The court finds that defendant's counsel reasonably incurred 36.4 billable hours at $235 per hour, in addition to $756.81 in expenses, in defending this case, responding to plaintiff's motion for summary judgment, responding to plaintiff's motions for reconsideration regarding his deposition, preparing for and taking plaintiff's deposition, and preparing a summary judgment motion of its own. The court therefore finds that defendant has established that it is entitled to attorney's fees in the amount of $8,554.00, and $756.81 for expenses, for a total amount of $9,310.81.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Attorney Fees and Expenses (Doc. 54) is granted in the amount of $9,310.81.

Dated this 1st day of July 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**